| | |
|---|---|
| Candice Alcazar,<br><br>   Plaintiff,<br><br>vs.<br><br>Target Corporation,<br><br>   Defendant. | Case No.: 1:17-CV-057<br><br>**STIPULATED PROTECTIVE ORDER** |

It is hereby stipulated and agreed among the parties to this action, through their undersigned counsel:

1. This Stipulated Protective Order governs the handling of information defined in Paragraph 2 as "Confidential Discovery Material" that is produced in this litigation by defendant Target Corporation ("Target").

2. For purposes of this Stipulated Protective Order, "Confidential Discovery Material" shall include all paper documents, testimony and electronic files considered by Target to constitute or contain trade secrets or other confidential information including but not limited to video recordings, and any other similar materials produced by Target in this action and marked "CONFIDENTIAL." How materials are marked will depend upon whether they are hard copy documents or electronic files. Such designations may also be made to testimony in the course of depositions or during any hearings or trial of this proceeding. Documents or other materials inadvertently produced with a designation of "CONFIDENTIAL" may automatically be designated as

"CONFIDENTIAL" upon written notice to all Parties within thirty (30) days following the production of such documents or materials, and such documents or materials will be treated as Confidential Discovery Material subject to this Stipulated Protective Order upon such notice.

3.    Except as otherwise provided in this Stipulated Protective Order, all Confidential Discovery Material shall be deemed to be confidential and may be used by the persons receiving it only for the purpose of preparing for and conducting pretrial and trial proceedings and appeals, if any, in this action and for no other purpose.

4.    Except as otherwise provided in this Stipulated Protective Order and except as may be required by law, Confidential Discovery Material may be disclosed only to the following persons and only after full compliance with paragraph 5, if applicable:

(a)    attorneys (and their staff) appearing as counsel of record for one of the parties hereto;

(b)    consultants and experts retained by a party to this action, to the extent deemed necessary by counsel of record for the prosecution or defense of this action;

(c)    court reporters in connection with the recording of sworn testimony;

(d)    the Court, if filed or introduced pursuant to paragraph 8;

(e)    officers and managers of the parties who are assisting counsel of record in preparation of the case for trial; and

(f)     any other person, if authorized in writing by Target.

5.     Before any person within the scope of paragraph 4(b) is given access to Confidential Discovery Material, such person shall be provided with a copy of this Stipulated Protective Order and shall execute a Declaration in the same form and content as the Declaration attached as Exhibit A.  Counsel for a party requesting execution of a Declaration shall retain the executed Declarations for persons referred to in paragraph 4(b) and shall deliver such Declarations to Target's counsel when, if ever, such person(s) is disclosed as a trial witness.

6.     Counsel of record and other persons given access to Confidential Discovery Material pursuant to this Stipulated Protective Order shall make only such copies of Confidential Discovery Material as may be reasonably necessary to prepare for discovery, pretrial hearings, trial or appeal.  Any copies made shall be considered Confidential Discovery Material.

7.     Notwithstanding any provision herein, any party may use Confidential Discovery Material in the taking of depositions of parties or non-parties or at trial; provided, however, that any party may designate in writing any portion of the transcript at which reference is made to such Confidential Discovery Material as "CONFIDENTIAL," in which case such testimony shall also be treated as Confidential Discovery Material. All deposition testimony and all deposition transcripts in this proceeding shall be treated by the Parties as provisionally protected as "CONFIDENTIAL" for a period of thirty (30) calendar days following Target's receipt of the transcripts.  Within the thirty

(30) day period, Target may designate particular portions of a transcript as "CONFIDENTIAL" information by giving written notice of such designation.

8. Confidential Discovery Material may be referred to in court filings or transcripts in this action, provided that unless Target otherwise agrees in writing prior to such reference, no such documents or any portion thereof, or any information contained therein, shall be used for such purposes unless the filing in which it is used is marked "CONFIDENTIAL." If the plaintiff seeks to file documents or discovery material designated as "Confidential," the plaintiff must allow Target the opportunity to file a motion for leave to file under seal accompanied by a memorandum in support setting forth the legal basis for sealing the documents or discovery material, in accordance with the Administrative Policy Governing Electronic Filing and Service.

9. Nothing herein shall operate as an admission by any party that any particular Confidential Discovery Material is, or is not, admissible in evidence in this action.

10. Upon final determination of this action, including appeals, if any, each person in possession of any Confidential Discovery Material shall assemble and return all such material (including copies) to Target's counsel, unless otherwise agreed in writing by Target.

11. The obligation imposed by this Stipulated Protective Order to hold Confidential Discovery Material in confidence shall survive the final determination of this action and continue thereafter in perpetuity.

12.     Any person desiring relief from these provisions or further protection with

respect to discovery may, if agreement among counsel cannot be reached, seek

appropriate relief from the Court upon ten days' notice to counsel of record.

Dated this 15 day of September, 2017.


/s/ Jim Nostdahl
Jim Nostdahl (#3925)
2525 Elk Drive
P.O. Box 1000
Minot, ND 58702-1000
Telephone:  701.852.0381
Email:  jnostdahl@pringlend.com
ATTORNEYS FOR CANDICE
ALCAZAR

Brenda L. Blazer
Brenda L. Blazer (#04155)
Vogel Law Firm
US Bank Building
200 North 3rd Street, Suite 201
P.O. Box 2097
Bismarck, ND 58502-2097
Telephone:  701.258.7899
Email:  bblazer@vogellaw.com
ATTORNEYS FOR TARGET
CORPORATION

## ORDER

The court **ADOPTS** the stipulated protective order without addition or modification.

**IT IS SO ORDERED.**

Dated this 19th day of September, 2017.

*/s/  Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court